# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURRAY CREWS,<br><br>    Plaintiff,<br><br>  v.<br><br>PARLIER UNIFIED SCHOOL DISTRICT; ENRIQUE MALDONADO; ESPERANZA ZENDEJAS; MARTIN MARES; MARY HELEN VILLANUEVA; JOSE REYES; MELISSA CANO; DAVID TORREZ; IRMA REGALADO; LETICIA VALADEZ; RENE RODRIGUEZ; ALBERTO CORRALES; AND DOES 1 TO 10,<br><br>    Defendants. | Case No. 1:13-cv-01271-AWI-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF COMPLAINT WITH PREJUDICE<br><br><br><br><br><br><br>(Doc. 1) |

  Plaintiff Murray Crews, proceeding *in forma pauperis* and *pro se*, filed a complaint for declaratory relief on August 14, 2013, and amended it on August 19, 2013.  Defendants include Parlier Unified School District "PUSD"); members of PUSD's Board of Trustees, Enrique Maldonado, Mary Helen Villanueva, Jose Reyes, Melissa Cano, and David Torres; Leticia Valadez, administrative secretary; Rene Rodriguez, athletic director of Parlier High School ("PHS"); Alberto Corrales, principal of PHS; Esperanza Zendejas, superintendent of PUSD; Martin Mares, assistant superintendent of PUSD, and Irma Regalado, business manager of PUSD.  The undersigned has

1

screened Plaintiff's complaint, finds Plaintiff's claims to be frivolous, and recommends dismissal with prejudice.

## I. Screening Requirement

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss any claim that (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. This Court screens all complaints filed by plaintiffs *in propria persona*.

In general, a complaint is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint is malicious if it is not pleaded in good faith. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915). A complaint's failure to state a claim is defined in F.R.Civ.P. 12(b)(6), as one that does not satisfy the pleading standards under F.R.Civ.P. 8. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## II. Factual Allegations

Jeremy Pierro, the assistant wrestling coach at PHS, retained Plaintiff to provide a wrestling clinic to the team on November 1, 2012. After Pierro e-mailed Plaintiff a sample invoice provided by James Mar, the head wrestling coach, on October 25, 2012, Plaintiff assumed that a properly prepared invoice would be the only documentation necessary to secure payment for his services. Upon arrival for the clinic, however, Defendant Leticia Valadez requested that Plaintiff complete IRS Form W-9 ("Request for Taxpayer Identification Number and Certification"). Plaintiff refused, maintaining that since he was not a "U.S. person," completing the form would constitute perjury.

2

Plaintiff gave Ms. Valadez a copy of the statutes and regulations supporting his position which he had apparently prepared prior to his arrival. She directed him to the office of Defendant Rene Rodriguez.

Plaintiff also provided Mr. Rodriguez with materials supporting his claim, inserting a flash drive into Mr. Rodriguez's computer to outline the history of the legislation in which the definition of "U.S. person" was added to the definitional statute, 26 U.S.C. § 7701(a)(30). Meanwhile, Ms. Valadez called Defendant Irma Regalado, who told her that PUSD would not pay Plaintiff unless he provided a completed and signed Form W-9. Plaintiff again denied being a "U.S. person," provided more documentation, and offered to execute an affidavit attesting to the fact that he was not a "U.S. person." Ms. Regalado stood firm, maintaining that if Plaintiff did not sign a Form W-9, PUSD would not pay him. Requiring the fee for the clinic to support his family, Plaintiff signed the Form W-9 "under duress." Later, he presented a prepared invoice for payment of his services. On November 28, 2012, Plaintiff received a check in full payment of his $1000.00 fee.

On February 2, 2013, Plaintiff received from PUSD a Form 1099-MISC reflecting the payment of his $1000.00 fee. Plaintiff responded with a letter to Ms. Regalado, explaining the law relevant to Form W-9 and requesting a corrected Form 1099 reflecting $0.00 reportable income. He enclosed a letter to be placed on school letterhead and signed under penalty of perjury, setting forth a series of yes-and-no questions intended to clarify that Plaintiff was not required to provide his social security number and a completed Form W-9 to PUSD, and an affidavit that he was not a "U.S. person."

When Plaintiff did not receive a corrected Form 1099 after the deadline for its filing with the IRS, he called PUSD and asked to speak to Defendant Esperanza Zendejas. Gloria Gonzalez, an assistant to the superintendent, took a message and told Plaintiff that Defendant Martin Mares would return the call within two days. Mr. Mares never called Plaintiff. On March 27, 2013, Ms.

Regalado wrote to Plaintiff, explaining that, pursuant to federal law, PUSD was required to collect a Form W-9 from U.S. persons who perform services for the district and to issue a Form 1099 when compensation for those services exceeds $600.00. Accordingly, PUSD would not amend the Form 1099-MISC.

Plaintiff alleges that, although he is a United States citizen, he is not a U.S. person because he "did not then, and does not currently, have the 'control, receipt, custody, disposal, or payment of an item of income to a foreign person subject to withholding.'" Doc. 2 at 12.

### III. Discussion

Plaintiff alleges five causes of action: breach of contract, negligence, failure to train, forcing Plaintiff to commit perjury, subornation of perjury, and issuance of a false 1099. All five are predicated on the validity of Plaintiff's belief that he is not a U.S. person under federal law. Plaintiff is wrong.

Plaintiff agreed to provide a wrestling clinic for Defendants' high school wrestling team for a $1000.00 fee. No written contract was prepared: Plaintiff was simply directed to submit an invoice to collect payment. Independent of the agreement between Plaintiff and PUSD, federal law imposes certain reporting and return requirements on both parties pursuant to the Internal Revenue Code (26 U.S.C. § 1, *et seq.*).

Pursuant to 26 U.S.C. § 6041(a), a person engaged in a trade or business must report to the Secretary of the Internal Revenue Service any payment of $600.00 or more made to another person in the course of its trade or business, of rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income. Accordingly, PUSD was required to report the $1000.00 fee paid to Plaintiff for his wrestling clinic. To comply with the law, PUSD needed to report the amount paid and to identify Plaintiff as the payee by means of his taxpayer identification number.

4

To enable payors to satisfy their legal obligation, federal law requires the recipient of such payments must provide its taxpayer identification number to the payor. "Any person with respect to whom a return, statement, or other document is required under this title to be made by another person or whose identifying number is required to be shown on a return of another person shall furnish to such other person such identifying number as may be prescribed for securing his proper identification." 26 U.S.C. §6109(a)(2). The regulations similarly provide:

> Every U.S. person who makes under this title a return, statement, or other document must furnish its own taxpayer identifying number as required by the forms and the accompanying instructions. A U.S. person whose number must be included on a document filed by another person must give the taxpayer identifying number so required to the other person on request. For penalties for failure to supply taxpayer identifying numbers, see sections 6721 through 6724.

26 C.F.R. § 301.6109-1(b).

Except for a few exceptions not applicable to Plaintiff, an individual taxpayer uses his or her social security number as his or her taxpayer identification number. 26 U.S.C. § 6109(d). Except for certain exceptions not applicable to Plaintiff, a payee provides its taxpayer identification number to the payor on IRS Form W-9.

Part II of Form W-9 consist of the payee's certification under oath the he or she (1) has correctly disclosed his or her taxpayer identification number; (2) is not subject to back-up withholding; and (3) is a U.S. citizen or other U.S. person. The certification refers the payee to the general instructions attached to the form, which define U.S. person:

> For federal tax purposes, you are considered a U.S. person if you are:
> 
> - An individual who is a U.S. citizen or U.S. resident alien,
> 
> - A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,
> 
> - An estate  (other than a foreign estate), or

5

- A domestic trust (as defined in Regulations section 301.7701-7).

The form's definition restates the definition of U.S. person set forth in 26 U.S.C. § 7701(a)(30).

Despite the simplicity and clarity of the reporting requirements applicable to payees of amounts over $600.00 in the course of their business, Plaintiff seeks to extend to the procedural and disclosure requirements enabled by Form W-9 two long-time frivolous tax avoidance schemes: one contending that only foreign-source income is taxable, and the other maintaining that the tax-avoidant individual need not pay taxes since he or she is not a "person."

"Gross income means any income from whatever source derived." 26 U.S.C. § 61(a). "In general, all citizens of the United States, wherever resident . . . . are liable to the income taxes imposed by the [Internal Revenue] Code whether the income is received from sources within or without the United States." 26 C.F.R. § 1.1-1(b). "Every person born or naturalized in the United States and subject to its jurisdiction is a citizen." 26 C.F.R. § 1.1-1(c). Plaintiff concedes that he is a U.S. citizen.

United States courts have long rejected as frivolous the argument by tax protestors that citizens need not pay taxes on monies earned within the United States. *See, e.g., Great-West Life Assurance Co. v. United States*, 678 F.2d 180, 183 (Ct.Cl. 1982) ("The determination of where income is derived or 'sourced' is generally of no moment to either United States citizens or United States corporations, for such persons are subject to tax under I.R.C. s. 1 [26 U.S.C. § 1] and I.R.C. s. 11 [26 U.S.C. § 11], respectively, on their worldwide income."); *Takaba v. Comm'r*, 119 T.C. 285, 295 (2002) (rejecting as "frivolous" the petitioner's arguments that income that petitioner received from sources within the U.S. was not taxable); *Williams v. C.I.R.,* 114 T.C. 136, 138-39 (2000)

(rejecting the petitioner's argument that his income earned within the United States was not taxable under 26 C.F.R. § 1.861-8(a), and characterizing it as "reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts"); *Banister v. U.S. Dep't of the Treasury*, 2011 WL 7109220 at *4 (N.D. Cal. March 10, 2011) (No. C 10-02764 JW), *aff'd*, 499 Fed.Appx. 668 (9th Cir. 2012) (upholding an administrative determination to disbar the plaintiff from practicing as a CPA before the IRS based in part on his advising clients that, under 26 U.S.C. § 861, income earned within the United States was not income for tax purposes); *Jibilian v. United States*, 2005 WL 1491908 at *2 (Fed. Cl. June 6, 2005) (No. 04-1663T), *aff'd*, 174 Fed.Appx. 576 (Fed.Cir. 2006) ("[P]laintiff's argument that he is not liable for tax on domestically earned income has been uniformly and conclusively rejected by every court that has examined the issue").

Courts have similarly rejected a variety of arguments based on the proposition that the taxpayer is not a "person" as defined under the Tax Code. *See Frivolous Tax Returns: Citizens of a State*, Rev. Rul. 2007-22 (2007). *See also United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986), *cert. denied*, 480 U.S. 907 (1987) (rejecting the defendant's "frivolous" contention that he was not a "person" as defined by the Internal Revenue Code); *Biermann v. C.I.R.*, 769 F.2d 707, 708 (11th Cir. 1985) (rejecting appellant's argument that he was not a person subject to taxation as "patently frivolous"); *United States v. Saladino*, 2010 WL 2696708 at *3 (D.Ore. July 7, 2010) (No. 07-CR-535-BR) (rejecting the defendant's argument that he was not subject to federal tax laws because he was not a "U.S. person," among other things, and noting that his argument is routinely rejected as "patently frivolous").

///

///

## IV. Conclusion and Recommendation

It is inappropriate for this Court to address Plaintiff's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984). "A position maintained by the taxpayer is 'frivolous' where it is 'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" *Williams*, 114 T.C. at 144, *quoting Coleman v. Comm'r*, 791 F.2d 68, 71 (7th Cir. 1986). Because the complaint in this case is frivolous, the undersigned recommends that the Court dismiss it with prejudice.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 5, 2013**          /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28