# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURRAY CREWS,<br><br>        Plaintiff,<br><br>   v.<br><br>PARLIER UNIFIED SCHOOL DISTRICT, ET AL.,<br><br>        Defendants. | Case No. 1:13-cv-01271-AWI-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. 8 |

Plaintiff Murray Crews, proceeding *pro se*, filed a complaint for declaratory relief on August 14, 2013, and amended it on August 19, 2013. Plaintiff alleged five causes of action against Parlier Unified School District and eleven school board and staff members: breach of contract, negligence, failure to train, forcing Plaintiff to commit perjury, subornation of perjury, and issuance of a false IRS form 1099. All five issues were predicated on Plaintiff's belief that he is not required to pay federal income taxes on monies earned within the United States since he is not a "U.S. person" under federal law.

After screening the complaint in accordance with 28 U.S.C. § 1915, the Magistrate Judge filed findings and recommendations recommending that the complaint be dismissed with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2) (requiring the Court dismiss any claim that is frivolous or fails to state a claim on which relief may be granted). The findings and recommendations were

1

served on Plaintiff and contained notice that any objections to the findings and recommendations were to be served within thirty days. On October 7, 2013, Plaintiff filed objections in which he restated the arguments supporting the claims set forth in the complaint and asserted his right to be heard in Court.

On May 20, 2014, the District Court filed its order adopting the findings and recommendations, reiterating that United States courts have long rejected as frivolous the argument that citizens need not pay taxes on monies earned within the United States. Plaintiff's liability to pay income taxes on the money he earns within the United States is no exception. Accordingly, the Court dismissed the complaint, with prejudice, as frivolous.

On June 18, 2014, Plaintiff filed for reconsideration, casting his motion as one for rehearing pursuant to F.R.Civ.P. 59. Since the judgment was entered as a matter of law following screening and without a trial, the Court will treat this motion as one for reconsideration of the May 20, 2014 order dismissing this case.

**DISCUSSION**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D.Cal. 1996). "[T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes of its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

"A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665

(E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  In his motion for reconsideration, Plaintiff introduces several new arguments, each of which is a frivolous argument popularized by tax protesters that has repeatedly been rejected by United States courts.

First, Plaintiff contends that he need not have submitted a IRS Form W9 since the form does not include an OMB number as required by the Paperwork Reduction Act (44 U.S.C §§ 3501, *et seq.*).  In support of his argument, Plaintiff cites *Dole v. United Steelworkers of America*, 494 U.S. 26 (1990),[1] and *United States v. Smith*, 866 F.2d 1092 (9th Cir. 1989). [2]  United States courts have universally rejected this argument with regard to IRS forms, generally holding that the Paperwork Reduction Act applies to regulations promulgated by agencies, not to statutory requirements requiring the filing of returns and payment of taxes.  *See, e.g., Aldrich v. C.I.R.,* 66 T.C.M.(CCH) 13, 1993 WL 244916 at *4 (1993) ("[W]here Congress sets forth an explicit statutory requirement that the citizen provide information, and provides criminal penalties for failure to comply with the request, that . . . . is a legislative command, not an agency request.")  The Ninth Circuit agrees. *United States v. Hicks*, 947 F.2d 1356, 1359-60 (9th Cir. 1991).  "[L]ack of an OMB number on IRS notices and forms does not violate the provisions of the Paperwork Reduction Act." *James v. United States*, 970 F.2d 750, 753 n. 6 (10th Cir. 1992).  "Any argument that the [Paperwork Reduction Act] relieves the taxpayer of the duty to file an income tax return has no merit and is frivolous." "Frivolous Tax Returns; Reliance on Paperwork Reduction Act,"  Rev. Rul. 2006-21 (March 16, 2006).

Relying on *Rowan Companies, Inc. v. United States*, 452 U.S. 247, 253 (1981), Plaintiff next contends that the Court erred in relying on the regulations concerning identification numbers since

---

[1] In *Dole*, the Supreme Court addressed the question of whether the Office of Management and Budget had authority under the Paperwork Reduction Act (44 U.S.C. §§ 3501 *et seq.*) to review regulations promulgated under the Occupational Health and Safety Act (OSHA) (29 U.S.C. §§ 651 *et seq.*) governing the labeling of industrial chemicals. *Dole*, 494 U.S. at 28-29.
[2] In *Smith*, the Ninth Circuit held that, under the Paperwork Reduction Act, plans of operations for mining activities in a national forest were subject to the Paperwork Reduction Act.  866 F.2d at 1094.

those regulations "are interpretive regulations not having the force and effect of laws."[3]  Doc. 8 at 2.  This argument is unpersuasive since the findings and recommendations specifically cited 26 C.F.R. § 301.6109-1(b) as the interpretation of 26 U.S.C. § 6109 (a)(2): "Any person with respect to whom a return, statement, or other document is required under this title to be made by another person or whose identifying number is required to be shown on a return of another person shall furnish to such other person such identifying number as may be prescribed for securing his proper identification."  *See* Doc. 3 at 5.

Third, Plaintiff requests that Court "enter an Order to make findings of facts as legal conclusions from the evidence presented answering the question, 'Was Plaintiff required to sign Form W-9?'"  Doc. 8 at 2.  Having already done so in its findings and recommendations, and in the order adopting them, the Court finds this demand to be frivolous and disrespectful.  Plaintiff's disagreement with the form or substance of the Court's rulings is not grounds for reconsideration.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Harvest v. Castro*, 531 F.3d 737, 748-49 (9th Cir. 2008).

Finally, Plaintiff protests that the Court has indicated that he is proceeding *in forma pauperis*, when he in fact paid the filing fee in this case.  Plaintiff is correct.  Accordingly, the Court hereby modifies its findings and recommendations (Doc. 3) and order adopting findings and recommendations (Doc. 6) by deleting the phrase, "and *in forma pauperis*," from the first line of each document.  This error has no substantive effect on the Court's dismissal of the complaint in this action, nor does correction of this error require reconsideration of the order as a whole.

## CONCLUSION AND ORDER

Reconsideration is appropriate only if the district court is presented with newly discovered evidence or has committed clear error, or if there is an intervening change in controlling law.

---

[3] In *Rowan*, addressing the application of treasury regulations to meals and lodging provided to the taxpayer's employees when they worked its offshore rigs, the Court invalidated 26 C.F.R §§ 31.3121(a)-1(f) and 31.3306(b)-1 as failing "to implement the congressional mandate in a consistent and reasonable manner."  452 U.S. at 253.

4

*Marlyn Nutraceuticals*, 571 F.3d at 880.  In the absence of these three factors, this Court declines to reconsider its dismissal of this case.  The Court acknowledges that Plaintiff paid the filing fee for this case and deletes its erroneous references to his proceeding *in forma pauperis*.

Plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated:   August 6, 2014                                                          /s/ signature

                                                         SENIOR  DISTRICT  JUDGE

5